Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Suite B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **CONCERNED FRIENDS OF THE WINEMA, KLAMATH-SISKIYOU WILDLANDS CENTER, WESTERN WATERSHEDS PROJECT, OREGON WILD,** and **CENTRAL OREGON BITTERBRUSH BROADS of the GREAT OLD BROADS FOR WILDERNESS,**<br><br>                    Plaintiffs,<br><br>        v.<br><br>**DOUGLAS C. McKAY,** District Ranger, Paisley & Silver Lake Ranger Districts, Fremont-Winema National Forests, **BARRY L. IMLER,** Forest Supervisor, Fremont-Winema National Forests, **U.S. FOREST SERVICE**, **LAURIE SADA**, Field Supervisor, Klamath Falls Fish and Wildlife Office, and **U.S. FISH AND WILDLIFE SERVICE,**<br><br>                    Defendants. | Case No. 1:19-cv-00516-MC<br><br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY |

Federal Defendants' Notice of Supplemental Authority, ECF No. 58, omits a key detail about *Oregon Natural Desert Association v. U.S. Forest Service* (ONDA), -- F.3d. --, 2020 WL 2091108 (9th Cir. May 1, 2020).  *ONDA* rejected the "gravamen" of the plaintiffs' claim: that the Forest Service had a *procedural* duty under the National Forest Management Act (NFMA) to "analyze and show" how grazing authorizations were consistent with a Forest Plan.  *Id*. at *5–6. But that case did not involve a NFMA consistency analysis conducted as part of a National Environmental Policy Act (NEPA) process, making it different—according to the Ninth Circuit—from several prior ones that found the agency violated NFMA.  *Id*. at *5–6 (citing, among others, *Native Ecosystems Council v. Tidwell*, 599 F.3d 926, 932 (9th Cir. 2010)).  This case is more akin to the Ninth Circuit's prior cases because here the Forest Service *did* complete an Environmental Impact Statement (EIS), which Plaintiffs challenged along with the agency's explicit determination that the new grazing scheme is consistent with the Forest Plan.  ECF No. 45 at 9–23; ECF No. 56 at 13–21.

*ONDA* also reasoned that the plaintiffs "implicitly" argued that 117 grazing decisions for seven allotments issued over ten years were "substantively" inconsistent with a Forest Plan, but the court determined that the record there "amply" showed grazing was consistent with two plan standards that were flexible, broad, or "challenging to enforce."  *Id.* at *3–4, 7–9.  In contrast, Plaintiffs in this case have relied on direction in the Winema Forest Plan that applies narrowly to the agency's issuance of Allotment Management Plans (AMP), including direction to maintain viable populations of sensitive species that this Court and the Ninth Circuit have readily applied before.  ECF 45 at 14, 16–23 (citing, among others, Forest Plan provisions at AR 3492, 3597, which provide that AMPs must be based on various factors and consistent with other Forest Plan

resource objectives); *Concerned Friends of the Winema v. U.S. Forest Serv.*, 2016 WL 10637010, at *6–9 (D. Or. Sept. 12, 2016); *Tidwell*, 599 F.3d at 932–36; *see also Oregon Nat. Desert Ass'n v. Sabo*, 854 F. Supp. 2d 889, 915–920 (D. Or. 2012) (finding Antelope Allotment grazing authorizations were inconsistent with Winema Forest Plan provisions).  Because the circumstances and facts are different, *ONDA* offers nothing newly applicable to this case and simply reaffirms the general principle that courts defer to agency conclusions *if* those conclusions are rationally explained and supported by the facts in the record.  Plaintiffs contentions here are that the Forest Service's conclusions do not meet that standard.

Dated:  May 13, 2020                    Respectfully submitted,

                                        ___s/Elizabeth H. Potter_____
                                        Elizabeth H. Potter (OSB #105482)

                                        Attorneys for Plaintiffs