Lauren M. Rule (OSB #015174)
Elizabeth H. Potter (OSB #105482)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave. Suite B
Portland, OR 97202
(503) 914-6388
lrule@advocateswest.org
epotter@advocateswest.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **CONCERNED FRIENDS OF THE WINEMA, KLAMATH-SISKIYOU WILDLANDS CENTER, WESTERN WATERSHEDS PROJECT, OREGON WILD,** and **CENTRAL OREGON BITTERBRUSH BROADS of the GREAT OLD BROADS FOR WILDERNESS**, | Case No. 1:19-cv-00516-MC |
| Plaintiffs, | PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY |
| v. | |
| **DOUGLAS C. McKAY,** District Ranger, Paisley & Silver Lake Ranger Districts, Fremont-Winema National Forests, **BARRY L. IMLER,** Forest Supervisor, Fremont-Winema National Forests, **U.S. FOREST SERVICE**, **LAURIE SADA**, Field Supervisor, Klamath Falls Fish and Wildlife Office, and **U.S. FISH AND WILDLIFE SERVICE**, | |
| Defendants. | |

Plaintiffs hereby provide notice of the Ninth Circuit's recent decision in *Center for Biological Diversity v. Bernhardt* ("CBD"), -- F.3d. --, No. 18-73400, 2020 WL 7135484 (9th Cir. Dec. 7, 2020). *CBD* vacated the Bureau of Ocean Energy Management's ("BOEM") approval of an oil and gas project after finding that the accompanying Environmental Impact Statement ("EIS") was arbitrary and that the U.S. Fish and Wildlife Service's ("FWS") Biological Opinion ("BiOp") violated the Endangered Species Act ("ESA"). *Id*. at *19–20. *CBD* provides precedent that is relevant to the pending summary judgment motions here.

*CBD* held that FWS's BiOp was unlawful because it relied, in part, upon "uncertain, nonbinding mitigation measures." *Id*. at *12–17, 19. In reaching this decision, *CBD* adopted the following standard that district courts in this circuit have followed: mitigation measures in a BiOp "must be subject to deadlines or otherwise-enforceable obligations; and most important, they must address the threats to the species in a way that satisfies the jeopardy and adverse modification standards." *Id*. at *12 n.6 (internal quotation marks and citation omitted). In this case, Plaintiffs relied on the same standard—articulated in *National Wildlife Federation v. NMFS*, 184 F. Supp. 3d 861, 901–02 (D. Or. 2016)—to argue that FWS's BiOp is unlawful because it relies on mitigation measures that are uncertain to occur and do not address the threats to Oregon spotted frogs. Plfs. MSJ at 29–31 (ECF No. 45); Plfs. Reply at 31–33 (ECF No. 56).

*CBD*'s NEPA analysis is also relevant to this case. *CBD* held that BOEM's EIS should have quantified downstream greenhouse gas emissions from potential foreign oil consumption under an alternative or explained why such an estimate was not possible. 2020 WL 7135484, at *19. *CBD* faulted BOEM for failing to support its emissions analysis and conclusions with evidence and explanations in the record. *Id*. at *6–10. Rather than deferring to BOEM on the technical issues involved, *CBD* explained that deference only applies to areas within an agency's

expertise, which was not the case there.  *Id*. at *9.  This decision provides further support for Plaintiffs' NEPA claim here, which is also based on inconsistencies between the EIS's conclusions and evidence in the record.  Plfs. MSJ at 9–14, 25–26; Plfs. Reply at 5–12, 23–27.  *CBD* also undercuts the Forest Service's call for "strong deference" in this case, particularly related to frog and climate change issues that are outside its area of expertise.  Plfs. Reply at 2–4.


Dated:   December 23, 2020               Respectfully submitted,


                                         s/Elizabeth H. Potter
                                         Elizabeth H. Potter (OSB #105482)

                                         Attorneys for Plaintiffs